IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| MEREDITH ELLISON, | ) | |
| | ) | In the Circuit Court of Kanawha |
| Plaintiff, | ) | County, West Virginia, |
| | ) | No. 09-C-2155 |
| v. | ) | |
| | ) | Case No. 2:09-1549 |
| OCWEN LOAN SERVICING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank FSB[1] ("Ocwen") respectfully notifies the Court pursuant to 28 U.S.C. § 1441 that it has this day removed this action from the Circuit Court of Kanawha County, West Virginia to this Court. In support of its removal, Ocwen submits this notice. Removal is based on the grounds that diversity jurisdiction exists over this action because there is complete diversity between plaintiff and defendant, and the amount in controversy exceeds $75,000.

## I. BACKGROUND

1. This action was originally filed in the Circuit Court of Kanawha County, West Virginia on November 19, 2009. A certified copy of the complaint and all other documents filed in the state court are attached hereto as Exhibit 2.

2. Ocwen was served on November 30, 2009. This removal is therefore timely because it has been filed within 30 days of service as required by 28 U.S.C. § 1446(b).

---

[1] As of June 30, 2005, Ocwen Federal Bank FSB voluntarily dissolved, and its mortgage servicing business was transferred to Ocwen Loan Servicing, LLC effective July 1, 2005. (*See* Declaration of Chomie Neil ("Neil Decl.") (attached as Ex. 1).)

3. Plaintiff's complaint alleges claims relating to intentional infliction of emotional distress and unlawful debt collection practices. (*See, generally* Compl.). This action is removable to federal court pursuant to 28 U.S.C. § 1441 because it could have been filed originally in this Court pursuant to the diversity jurisdiction conferred by 28 U.S.C. § 1332. Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367.

## II. DIVERSITY JURISDICTION

4. Federal diversity jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1332 because all parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. There Is Complete Diversity Among All Parties

5. There is diversity of citizenship among all parties. Plaintiff Meredith Ellison ("Plaintiff") is a citizen of West Virginia. (*See* Compl. ¶ 2.)

6. Ocwen is a citizen of Florida. As of June 30, 2005, Ocwen Federal Bank FSB voluntarily dissolved, and its mortgage servicing business was transferred to Ocwen Loan Servicing, LLC. (*See* Declaration of Chomie Neil ("Neil Decl.") ¶ 2 (attached as Ex. 1).) Ocwen Loan Servicing, LLC is a limited liability company. For diversity purposes, "a limited liability company is assigned the citizenship of its members." *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004). The sole member of Ocwen Loan Servicing, LLC is Ocwen Financial Corporation. Ocwen Financial Corporation is incorporated under the laws of Florida with its principal place of business in Florida and thus, Ocwen Financial Corporation is a citizen of Florida. (*See* Neil Decl. ¶ 3.)

7.  Because plaintiff is a citizen of West Virginia and Ocwen is not a citizen of West Virginia, there is complete diversity between plaintiff and Ocwen in this matter. *See* 28 U.S.C. § 1332(a)(1).

**B.  The Amount in Controversy Exceeds $75,000**

8.  Plaintiff's complaint also meets the $75,000 amount-in-controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

9.  In her complaint, plaintiff asserts four causes of action against Ocwen, including intentional infliction of emotional distress, unlawful debt collection, tort of outrage and illegal debt collection. (*See* Compl. ¶¶ 8-17.) For these alleged wrongs (which Ocwen emphatically denies), plaintiff seeks an unlimited amount of compensatory, statutory and punitive damages.

10.  Where, as here, a plaintiff seeks recovery of an indeterminate amount, diversity jurisdiction exists where a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Dunlap v. Green Tree Servicing, LLC*, 2005 U.S. Dist. LEXIS 32485, *8 (S.D. W. Va. Nov. 28, 2005). This burden may be met if "it is facially apparent" from the complaint that the plaintiff's claims "are likely" to exceed $75,000, exclusive of interest and costs. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The determination of whether the amount in controversy is satisfied is left to the court's "common sense." *Mullins v. Harry's Mobile Homes*, 861 F. Supp. 2d 22, 24 (S.D. W. Va. 1994).

11.  While plaintiff's complaint does not specify an amount of requested damages, it nonetheless is facially apparent that the damages claimed exceed the $75,000 jurisdictional threshold for several independent reasons. Plaintiff seeks statutory damages of at least $4,400 per violation as well as an unspecified amount of actual damages. (*See* Compl. ¶¶ 11, 15, 17 and

3

Wherefore Sections.) Plaintiff alleges forty-six violations which Ocwen denies. Therefore, the statutory penalties by themselves, if plaintiff meets her burden of proof, may exceed $75,000.00.

12. In addition, plaintiff claims a statutory entitlement to attorneys' fees. Attorneys' fees may be included for the purpose of determining the amount in controversy. *See Patton*, 2006 WL 771924, at *3. Given the complexity of plaintiff's allegations, the likelihood of significant motion practice (including motions to dismiss, summary judgment motions, and others), plaintiff's attorneys' fee claim alone places in controversy an amount that exceeds $75,000. For these independent reasons, it is facially apparent from the complaint that plaintiff's claims exceed the jurisdictional threshold.

13. Finally, Plaintiff seeks punitive damages. (See Compl. Count IV.) Punitive damages may be included for the purpose of determining the amount in controversy. Patton v. Fifth Third Bank, 2006 WL 771924, at *2-3 (S.D. W. Va. March 24, 2006). Given the amount of the disputed debt and alleged damages, even a punitive damages ratio as low as one to one would result in total damages that would exceed the jurisdictional amount. See Id. (relying on State Farm Mutual Automobile Insurance Co. v. Campbell, 538 S. Ct. 408 (2003), in holding that jurisdictional threshold was met in part by punitive damages request). Accordingly, the amount in controversy in this action exceeds the jurisdictional threshold required by 28 U.S.C. § 1332.

### III. VENUE

14. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Circuit Court of Kanawha County, West Virginia, the forum in which the removed action was pending.

## IV. NOTICE

15. Concurrently with the filing of this Notice, Ocwen will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Kanawha County, West Virginia.

16. The contents of Exhibit 2 constitute the entire file of the action in the Circuit Court of Kanawha County, West Virginia.


Dated: December __28th__, 2009.

                                                 **Respectfully submitted,**
                                                 **Ocwen Loan Servicing, LLC,**

                                                 **By Counsel,**

_____/s/ Chris R. Arthur_____
Chris R. Arthur, Esquire (WVSB #9192)
Samuel I. White, P.C.
Kanawha Valley Building
300 Capitol Street, Suite 1600
Charleston, WV 25301
(304) 414-0200

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| MEREDITH ELLISON, | ) | |
| | ) | In the Circuit Court of Kanawha |
| Plaintiff, | ) | County, West Virginia, |
| | ) | No. 09-C-2155 |
| v. | ) | |
| | ) | Case No._____ |
| OCWEN LOAN SERVICING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of December 2009, I served the foregoing *"Notice of Removal"* upon the following by U.S. Mail, postage prepaid:

Daniel F. Hedges, Esquire
8 Hale Street
Charleston, WV  25301

　　　　　　　　　　　　　　　　　　　　　/s/ Chris R. Arthur
　　　　　　　　　　　　　　　　　　　Chris R. Arthur, Esquire (WVSB #9192)